**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **MATHIS WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **CV-21** |
| | ) | **JURY DEMAND** |
| | ) | |
| **SUMTER COUNTY BOARD OF** | ) | |
| **COMMISSIONERS and SUMTER** | ) | |
| **COUNTY BOARD OF ELECTIONS** | ) | |
| **and REGISTRATION (BOER),** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>COMPLAINT</u>

## I.   *NATURE OF COMPLAINT*

1.     This action is brought by Mathis Wright ("Wright" or "Plaintiff"), African-American male, against Defendants, Sumter County Board of Commissioners and Sumter County Board of Elections and Registration (BOER). Plaintiff brings his claims arising from his application for a position with Defendants.

2.     Plaintiff seeks a declaratory judgment that Defendants have engaged in a pattern and practice of race discrimination along with retaliation in employment opportunities by not selecting Plaintiff for a position in which he applied and was qualified, and such conduct is unlawful under 28 U.S.C. §§1331, 1343(4), 2201 and 2202; 42 U.S.C. §1981a.  Plaintiff also seeks a permanent injunction and other equitable relief necessary to eliminate the effects of Defendants' past and present race discrimination and prevent such discrimination from continuing to adversely affect his life and career, including, but not limited to, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees.  Plaintiff further seeks damages, back-pay, and other equitable remedies necessary to make himself whole.

## II.    *JURISDICTION AND VENUE*

3.     This Court has jurisdiction pursuant to 42 U.S.C. §1981.

## III.    *CONDITIONS PRECEDENT TO FILE SUIT*

4.     Plaintiff filed his race discrimination and retaliation suit within 4 years of the discriminatory treatment.

## IV.    *PARTIES*

### A.    *Defendant*

5.     Defendant, Sumter County Board of Commissioners ("SCBC" or Defendant) is an entity doing business in the State of Georgia.  Defendant is an employer as defined by 42 U.S.C. §2000e(b).  Defendant is also subject to suit under

42 U.S.C. §1981, as amended.  Defendant maintains either actual or constructive control, oversight, or direction over the operation.

6.     Defendant, Sumter County Board of Elections and Registration ("BOER" or Defendant) is an entity doing business in the State of Georgia. Defendant is an employer as defined by 42 U.S.C. §2000e(b).  Defendant is also subject to suit under 42 U.S.C. §1981, as amended.  Defendant maintains either actual or constructive control, oversight, or direction over the operation.

### B.    Plaintiff

6.     Plaintiff, Mathis Wright, is an African-American male, resident of the State of Georgia and a citizen of the United States.  At all times relevant to this lawsuit, Wright sought, applied, and was qualified to hold the Supervisor of Elections and Registration of the BOER with Defendants in Americus, Georgia.

## V.    CAUSES OF ACTION - RACE DISCRIMINATION AND RETALIATION

7.     The Sumer County Board of Commissioners is the governing body for Sumter County.

8.     The local legislation directs the BOER to appoint a chief election official to direct and control the administration of elections and voter registration.  It also establishes that the chief election official is as a full-time employee of the BOER with a salary set by the BOER.  As such, the chief election official is supervised by the BOER and subject to removal by the BOER, not the Sumter County Board of

Commissioners.

9.      Defendant, BOER, does not have a human resources department.  As a courtesy, Defendant Sumter County Board of Commissioners, has authorized its Human Resources Department to assist the BOER with the application process for new employees.

10.     In 2014, Plaintiff filed a lawsuit against the same entity, Sumter County Board of Elections and Registrations regarding the County gerrymandering the school districts.  At the time said lawsuit was filed, the BOER consisted of Michael Tracy, Caucasian; James Gaston, Caucasian; Phillip Deese, Caucasian; Dr. June Ewing, Caucasian; and Crystal Cleveland, African-American.   The lawsuit proceeded through discovery and was finally tried before the Honorable Judge Sands on or about December 20, 2019.  Plaintiff was the prevailing party in said lawsuit and the County was required to pay approximately a million dollars.

11.     Consistent with the above-referenced practice, the Sumter County Human Resources Department received and performed clerical processing of applications on behalf of the BOER for the Supervisor of Elections and Registration.

12.     An advertisement for the position of Supervisor of Elections and Registration of the BOER was placed on the Sumter County government website on November 3, 2018.  The position advertised paid approximately $48,000.00/year. This advertisement was also emailed to all Sumter County employees and placed on

Indeed.com.  The advertisement stated that applications would be accepted by the BOER until November 30, 2018.  The individual who ultimately was awarded the position was an employee of Sumter County at the time the advertisement was emailed/mailed to all employees but chose not to apply.

13.     Plaintiff submitted a completed application for the BOER position of Supervisor of Elections and Registration on November 30, 2018.

14.     A total of thirteen (13) applications were received by the November 30, 2018 closing date.

15.     On January 18, 2019, the Interim Supervisor of Elections and Registration, Cleveland, met with the BOER to review the applications.  At the time, the BOER members were made up of five (5) Caucasians.  At this time, the BOER members were Chairman Michael Tracy, Caucasian; James Gaston, Caucasian; Crystal Cleveland; African-American; Phillip Deese, Caucasian; and Dr. June Ewing, Caucasian.

16.     After reviewing the applications, the BOER decided to place its hiring decision on hold to allegedly obtain a broader pool of qualified candidates.  Again, Plaintiff submitted his application during this first round of applications and was qualified to hold the Supervisor position.

17.     Ms. Cleveland, Interim Supervisor of Elections and Registration, resigned her position as a member of the BOER and, on June 10, 2019, Dr. Shirley

Latimore, African-American, was appointed as a member of the BOER.

18.    On July 29, 2019 BOER Chairman Michael Tracy, Caucasian, requested on behalf of the BOER that the Sumter County Human Resources Department re-advertise for the Supervisor of Elections and Registration position and to advertise it as "open until filled."  The BOER, at this time, modified the job description to require that the applicant obtain appropriate State of Georgia Elections Official Certification within one year of appointment. Additionally, Ms. Cleveland contacted the applicants who originally applied in 2018 to ask if they were still interested in the position.  Plaintiff informed her he was still interested.

19.    During its September 10, 2019 meeting, the BOER reviewed all the applications it had received for the position of Supervisor of Elections and Registration.  A total of 22 applications were received, including the applications received in 2018. After a review of all applicants, BOER selected six (6) applicants to be interviewed by it.  Despite his qualifications, the BOER did not select Plaintiff for an interview.  Allegedly, BOER preferred candidates who not only met the minimum job requirements, but had prior experience working with the Elections Office in some capacity.  Plaintiff had prior experience working with the Elections Office. This "preferred" prior experience was not a qualification listed on the job advertisement.

20.    The Sumter County Human Resources Department contacted the six

applicants selected by the BOER to schedule the interviews.  As one of the candidates had relocated and was no longer interested, the BOER interviewed five (5) applicants.  Three (3) of the candidates were African-American females, one was an African-American male, and one was a Caucasian male.  Again, the Plaintiff, despite his qualifications, was not one of the candidates selected for an interview.

21.     BOER, along with Ms. Cleveland, interviewed the five applicants on October 8, 2019.  The Sumter County Human Resources Director, Susan Merritt, Caucasian, attended the interviews as well.  After the interviews, the candidates were discussed among the BOER members.

22.     During its October 14, 2019, BOER monthly meeting, the BOER discussed the hiring of the Supervisor of Elections and Registration.  Two candidates – William R. "Randy" Howard, Caucasian (who had not applied when the position was first posted/advertised); and Lasandra Patterson, African-American, received preliminarily, informal votes.  A formal motion was made and seconded to hire Mr. Howard as the Supervisor of Elections and Registration.  Mr. Howard won by a 3 to 2 vote.   Howard's votes were by three male Caucasians.

23.     Despite the fact that 4 of the candidates for the position were African-American, the position was awarded to the only Caucasian candidate.

24.     The motion carried, and Mr. Howard was elected.  Howard was contacted and accepted the position.

25.    On October 15, 2019, the Sumter County Human Resources Department mailed letters to those candidates who were interviewed but not selected.  However, the plaintiff along with those applicants who were not selected for an interview did not receive official notification that the position had been filled. Plaintiff was not told of the selection.

26.    The reason(s) for Plaintiff's non-selection/non-hire of the Supervisor of Elections and Registration position of the BOER were pretext for race discrimination along with retaliation for his engaging in protected activity, i.e., federal lawsuit.

27.    Plaintiff has suffered severe emotional distress, loss of possible income, embarrassment, and humiliation as a result of the harassment and Defendants' conduct.

28.    Defendants' actions were willful, with malice and with reckless disregard for Plaintiff's rights.

29.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## FIRST CAUSE OF ACTION: RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981

30.    Plaintiff re-alleges and incorporates by reference paragraph 1-29 above

with the same force and effect as if fully set out in specific detail hereinbelow.

31.     Plaintiff brings this claim for race discrimination pursuant to 42 U.S.C. §1981.

32.     Plaintiff is African-American.

33.     Based on the totality of the facts presented above in paragraphs 7-29, Plaintiff has been discriminated against because of his race in his non-selection/non-hiring into the Supervisor of Elections and Registration position by Defendants. These facts include, but are not limited to, the falsity of Defendants' reason for Plaintiff's non-selection/non-hire and evidence of preferential treatment given to the Caucasian employee selected.

34.     Defendants' proffered reasons for non-selection/non-hire were pretext for race discrimination.  Plaintiff was more qualified for the position.

35.     As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

36.     Defendants acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

37.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's

unlawful policies and practices as set forth herein unless enjoined by this Court.

## SECOND CAUSE OF ACTION: RETALIATION
## PURSUANT TO 42 U.S.C. §1981

38.    Plaintiff re-alleges and incorporates by reference paragraph 7-37 above with the same force and effect as if fully set out in specific detail hereinbelow.

39.    Plaintiff engaged in protected activity by filing a federal lawsuit against BOER challenging the voting districts for the Board of Education.

40.    The same Board Members, Tracy, Gaston, Deese, and Ewing, who the plaintiff had previously filed a lawsuit against were the Board Members who made the decision not to interview and/or hire the plaintiff for the vacant position.

41.    Plaintiff was then not selected/hired because of his participation in protected activity.

42.    Defendants' actions are causally related to Plaintiff's protected activity.

43.    Defendants' reason(s) for not selecting/not hiring Plaintiff were pretext for retaliation.

44.    As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

45.    Defendants engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

46.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive

and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.   *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendants are violative of the rights of Plaintiff as secured by 42 U.S.C. §1981.

2.    Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with Defendants and at Defendants' request from continuing to violate 42 U.S.C. §1981.

3.    Enter an order requiring Defendant to make Plaintiff whole by awarding him the position he would have had occupied in the absence of race discrimination, retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted,

/s/ A. Danielle McBride
A. Danielle McBride
Georgia Bar No. 800824
LOBER & DOBSON, LLC
830 Mulberry Street, Ste. 201
Macon, Georgia 31201
(478) 745-7700
(478) 745-4888 Facsimile
admcbride@lddlawyers.com

/s/ William Gregory Dobson
William Gregory Dobson
Georgia Bar No. 237770
LOBER & DOBSON, LLC
1040 Fort Stephenson Road
Lookout Mountain, Georgia 30750
(478) 745-7700
(478) 745-4888 Facsimile
wgd@lddlawyers.com

OF COUNSEL:

Gregory O. Wiggins (*pro hac vice* pending)
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 Facsimile
gwiggins@wigginschilds.com

**DEFENDANTS' ADDRESSES:**

Sumter County Board of Commissioners
c/o Mark Waddell, Chairman
500 West Lamar Street
P.O. Box 295
Americus, GA 31709

Sumter County Board of Elections and Registration
c/o James Gaston, Chairman
500 W Lamar Street, Suite 140
P.O. Box 1263
Americus, GA 31709